## C. L. HOLDEN *v.* G. M. DAVIS.

SET-OFF.   *Payment by mistake.   Bill of exchange.*
  The drawee of two drafts of the same date, amount, maturity, and par-
  ties, who accepts one, and afterwards pays the other by mistake,
  cannot set off such payment in a suit upon his acceptance, where the
  payment of the unaccepted draft caused a failure to protest it.

ERROR to the Circuit Court of Adams County.

Hon. RALPH NORTH, Judge, did not sit in this case, but
Hon. J. B. CHRISMAN, presided by interchange.

*T. O. Baker* and *R. E. Conner*, for the plaintiff in error.

Money paid under a mistake of fact can be recovered back,
although no fraud was practised by the other party. Esp. N.
P., 1, 2; *Bank of Louisiana* v. *Ballard*, 7 How. 371; *Union
Bank* v. *United States Bank*, 3 Mass. 74; *Pearson* v. *Lord*, 6
Mass. 81; *Garland* v. *Salem Bank*, 9 Mass. 408; *Lazell* v. *Mil-
ler*, 15 Mass. 207; *Mowatt* v. *Wright*, 1 Wend. 355; *Burr* v.
*Veeder*, 3 Wend. 412; *Tinslar* v. *May*, 8 Wend. 561. The
right to recover is not affected by the mere fact that the party
so paying did not avail himself of the means of knowledge in
his power. *Rutherford* v. *McIvor*, 21 Ala. 750; *Milnes* v.
*Duncan*, 6 B. & C. 671; *Kelly* v. *Solari*, 9 M. & W. 54; *Bell*
v. *Gardiner*, 4 M. & Gr. 11; *Townsend* v. *Crowdy*, 8 C. B.
N. s. 477. Money, which may be recovered back in a separate
action, may be pleaded as a set-off. *Whitehead* v. *Cade*, 1
How. 95; *Kershaw* v. *Merchants' Bank*, 7 How. 386, 393;
*Richards* v. *Blood*, 17 Mass. 66.

*Frank Johnston*, on the same side.

The only question is whether, the drawee having at the time
the means of finding out the facts, failing to make inquiry or
investigation will prevent a recovery. In *Waite* v. *Leggett*, 8
Cowen, 195, 197, it was held that actual knowledge of the true
facts, at the time when the payment is made, is what is meant,
and not simply the means of knowledge. *Rutherford* v. *Mc-
Ivor*, 21 Ala. 750, is a case precisely in point. This particular
question is decided in *Kelly* v. *Solari*, 9 M. & W. 54. In
*Cooper* v. *Langdon*, 9 M. & W. 60, it was said that, if the party

honestly acted under a mistake, it did not matter if he was careless. It is generally held that failure to inquire will not prevent the recovery of money paid under a mistake.

*A. H. Handy*, for the defendant in error.

The rules contended for on behalf of the plaintiff in error have no application to the merits of the case, on the assumption that the money was paid by mistake of fact. There was no pretence of fraud or undue advantage in receiving the money; and no pretence that Davis was not entitled to receive it on the draft that was paid to him, and taken up by Holden, so as to deprive him of remedy against the drawer. It is, therefore, unnecessary to discuss the rules under which a party paying money by mistake to another, not entitled to it, may recover it back in an action *ex æquo et bono* as wrongfully paid, for such a case is clearly not presented by this record.

CHALMERS, J., delivered the opinion of the court.

Sandy Turner drew two drafts in favor of G. M. Davis on C. L. Holden, of the same date, amount and maturity, one of which was, and the other was not, accepted by Holden. Neither was intended as a duplicate of the other, but together they represented the amount intended to be paid by the drawer to the payee. On the day of maturity the unaccepted one was presented to Holden, and by him paid, under the mistaken belief, through carelessness and inattention, that it was the accepted one which he was paying. It is agreed that no fraud was practised or intended by the payee, who must be held therefore to have presented the unaccepted draft with the *bona fide* purpose of seeing whether the drawee would not pay it despite the lack of previous acceptance. It is not shown whether it had been previously presented for acceptance or not. Suit is now brought on the draft which was accepted, and the acceptor pleads, by way of set-off, the amount paid by mistake upon the draft upon which he was not liable.

There can be no doubt of the right to plead, as a set-off, any demand for which a suit can be sustained under the common counts, for money had and received or for money paid out and expended; and it is equally well settled that money paid under a mistake of fact, where the

party receiving it was not entitled to it, may be recovered even though the mistake originated in carelessness or forgetfulness, and the party making the payment had the means of information at hand. *Kelly* v. *Solari*, 9 M. & W. 54; *Waite* v. *Leggett*, 8 Cowen, 195; *Rutherford* v. *McIvor*, 21 Ala. 750. We think, nevertheless, that the court below rightly ruled that the facts pleaded constituted no defence. While it is true that money paid by mistake by one who is not liable for it may be recovered back, the principle will not apply where, in a case free from fraud, it is paid to one who is entitled to receive it from a third person, and who loses the right to pursue such third person by reason of the mistaken payment. The payee in this case lost the right to hold the drawer of the unaccepted draft liable by reason of his failure to protest it, and the failure to protest was caused by the payment made by Holden. This payment it is shown took place on the last day of grace, and it was several days afterwards before Holden discovered his mistake and notified the payee of it. The drawer was consequently released, and, as this result was caused by Holden's mistake, the loss must fall upon him.

*Judgment affirmed.*