BANK OF BELMONT *v.* JUDSON LUMBER CO.*

[Division A.   May 17, 1926.)

[108 So. 440.   No. 25692.]

1. PAYMENT. *Action held to lie against bank to whom overpayment on invoice was made by mistake.*

    Where lumber company paid bank on invoice for lumber and by mistake paid for two cars when bank had assignment only for proceeds of one, *held*, that action would lie against bank for amount paid to it by mistake.

2. PAYMENT. *Bank, having advanced more money on invoice than proceeds of sale actually were, held not entitled to retain money paid it by consignee by mistake.*

    Where lumber company by mistake paid invoice on two carloads of lumber, bank having assignment on proceeds of only one car, *held*, that bank was not entitled to retain entire amount advanced by it on car assigned, where proceeds of sale did not amount to that much.

---

*Corpus Juris-Cyc References:   Payment 30Cyc, p. 1316, n. 14; p. 1320, n. 39; p. 1321, n. 42.

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.

Suit by the Judson Lumber Company against the Bank of Belmont. From the judgment, defendant appeals, and plaintiff cross-appeals. Affirmed on direct appeal, and on cross-appeal reversed and judgment rendered.

*Cunningham & Berry,* for appellant.

The money was not paid to the Bank of Belmont, but a check was paid to the Nixon Lumber Company through the Bank of Belmont as per the instructions of Judson Lumber Company, and after the Bank of Belmont had received the money and applied it to the credit of the Nixon Lumber Company as per instructions from the Judson Lumber Company, the cause of action would be against the Nixon Lumber Company and not the Bank of Belmont.

The Bank of Belmont had no authority to withdraw from the account of the Nixon Lumber Company any money whatever to correct a mistake made by Judson Lumber Company in favor of the Nixon Lumber Company.

The Bank of Belmont did not profit by this error. The error was in favor of the Nixon Lumber Company and at the time the Bank of Belmont got notice of this error; it had not the authority nor the means to correct such error for the Judson Lumber Company out of the funds of the Nixon Lumber Company.

Therefore, we submit that this cause ought to be reversed and judgment entered here.

*W. C. Sweat,* for appellee.

It is admitted in the agreed statement of facts in this case that three hundred twelve dollars and twelve cents was paid by the Judson Lumber Company to the Bank of Belmont by mistake, and that this amount should have been remitted to the Corinth State Bank. While the Bank of Belmont only credited Nixon with two hundred seventy-eight dollars and thirty-five cents out of this check, the difference between the two hundred seventy-eight dollars and thirty-five cents and three hundred twelve dollars and twelve cents evidently went to make up the

shortage in the car which was assigned to the Bank of Belmont on the same date.

Since this three hundred twelve dollars and twelve cents was paid to the Bank of Belmont by mistake, the appellee has a right to recover it. *Bessler Movable Stairway Co.* v. *Bank of Leaksville,* 140 Miss. 537, 106 So. 445; *Holden* v. *Davis,* 57 Miss. 769; *Bank of Louisiana* v. *Ballard,* 7 Howard 371, 21 R. C. L. 167, 30 Cyc. 1321. While the court only gave judgment for the plaintiff in the sum of two hundred seventy-eight dollars, the court was in error in not giving judgment for the whole three hundred twelve dollars and twelve cents.

This court has held in *Bessler Movable Stairway Co.* v. *Bank, supra,* that "The party to whom the payment by mistake was made must be left in the same situation after he refunds it as he would have been had the payment to him not been made." Also "but if circumstances exist which make such recovery inequitable, the burden of proving that fact rests upon the person resisting the payment." *Hathaway* v. *Del. Co.* (N. Y.), 113 Am. St. Rep. 909, 13 L. R. A. (N. S.) 273, 21 R. C. L., p. 170, pt. 201.

Instead of appellant showing that it would be inequitable for it to repay this money which it received by mistake, the record shows conclusively that appellant would not be injured at all, but would be in the same position as before it received the money.

The case should be affirmed on direct appeal and reversed on cross-appeal; and the judgment entered here for us.

McGOWEN, J., delivered the opinion of the court.

The Judson Lumber Company brought its suit in the circuit court of Tishomingo county against the Bank of Belmont for three hundred twelve dollars and twelve cents paid by check on an invoice for lumber consigned by Nixon Lumber Company in an L. & N. car, alleging

that this check for this car of lumber had been assigned by the consignor to the Bank of Corinth; that there was only due the Bank of Belmont on Nixon's consignment of lumber in a G. M. & N. car shipped on the same date by the same consignor; that there was only due the Bank of Belmont the difference between three hundred twelve dollars and twelve cents and five hundred seventy-one dollars and forty-two cents, the amount of the check which the plaintiff, Judson Lumber Company, by mistake, remitted to the Bank of Belmont, which check included the amount due by it on both the L. & N. car and the G. M. & N. car; the Bank of Corinth having an assignment on the proceeds of the L. & N. car, and the Bank of Belmont having an assignment on the proceeds of the G. M. & N. car of lumber.

According to the agreed statement of facts and the testimony of the cashier of the Bank of Belmont, after paying what was due it on its G. M. & N. car of lumber there was left two hundred seventy-eight dollars and thirty-five cents, and for this amount the court below directed a verdict and entered a judgment, and from that judgment the Bank of Belmont appeals and the Judson Lumber Company files its cross-appeal, assigning as error the failure of the court below to allow it the full amount sued for, three hundred twelve dollars and twelve cents.

In remitting the check for both cars to the Bank of Belmont, the Judson Lumber Company instructed the Bank of Belmont to place it to the account of Nixon Lumber Company. It is clear from the agreed statement of facts that the thirty-three dollars and seventy-seven cents represented a loss to the Bank of Belmont on the G. M. & N. shipment; in other words, that, in advancing money on that shipment, they advanced Nixon Lumber Company more than the car of lumber actually brought. It is also clear that in its dealing with Nixon Lumber Company the Bank of Belmont profited by handling the proceeds of the L. & N. car, which should not have been

remitted to it and which was remitted to it through mistake; that it was used to profit the bank and was not paid out as a loss to the bank at any time before notice of the mistake, nor did the bank lose because of the mistake, but, if allowed to keep any part of the amount overremitted to it and not due by virtue of its assignment, it would profit thereby; and it is equally true that there is no merit in the contention, because, even after notice to it of the mistake, it paid across the counter to Nixon the major portion of this money. One cannot thus profit by the mistake of another.

Chief Justice SMITH, as the organ of this court in the case of *Bessler Movable Stairway Co.* v. *Bank of Leakesville,* 106 So. 445, said:

"Money paid to another by mistake of fact, although such mistake may have been caused by the payer's negligence, may be recovered from the person to whom it was paid, in an action for money had and received. *Bank of Louisiana* v. *Ballard,* 7 How. 371; *Holden* v. *Davis,* 57 Miss. 769; 21 R. C. L. 167; 30 Cyc. 1321. The ground on which such recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it. In order that this rule may apply, the party to whom the payment by mistake was made must be left in the same situation after he refunds it as he would have been had the payment to him not been made. *Holden* v. *Davis, supra;* 21 R. C. L. 170; Keener on *Quasi-*Contracts, 59 *et seq.* To require him to refund the money would be to throw a loss upon him which he would not have suffered, had it not been for the mistake or negligence of the person who paid the money to him, and to require him to suffer the loss instead of the person through whose negligence or mistake it was caused would be highly inequitable. The assignment under which the appellee collected the money here in question was not absolute, but was to secure the payment

of a debt by the assignor, and, under it, it was the appellant's duty to pay the assignor any money it received from the appellant in excess of the debt due it by the assignor. The appellant having discharged its duty, the loss resulting therefrom must be borne by the appellant, through whose mistake it was caused.''

In the case at bar no loss can be said to have accrued to the Bank of Belmont on account of the mistake of the Judson Lumber Company in remitting the three hundred twelve dollars and twelve cents. It is true that the Bank of Belmont paid to itself its losses on other ship ments, and to hold they were entitled to apply any part of this money would be, in effect, to say that they could profit by the mistake of the party remitting to it, which would not be legal or equitable.

We think that there is no merit in the contention of the appellant, the Bank of Belmont, that the cause of action did not lie against it for money paid to it by mistake under the circumstances above detailed. But we think the court erred in not directing a recovery for the entire amount of the overpayment, three hundred twelve dollars and twelve cents, with interest at the rate of six per cent. from October 8, 1924.

Affirmed on direct appeal and reversed on cross-appeal, and judgment entered here for the full amount sued for, with interest at six per cent. from October 8, 1924.

*Affirmed on direct appeal.*
*Reversed on cross-appeal.*