W. F. Varno *et al.*, Complainants, Appellants, *v.* C. A. Tindall, Defendant, Appellee.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

SWEENEY & SWEENEY, for complainants, appellants.

CANADA, WILLIAMS & RUSSELL, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainants, Varno and wife, allege that they were owners of a house and lot in Memphis which was encumbered by a mortgage for $6,000; that on March 24, 1930, they made to defendant a second mortgage of $1000, evidenced by forty notes, payable monthly, of $25 each; that they paid the first seven of these notes; that claiming default defendant caused the property to be sold under said second mortgage, July 9, 1931, bidding it in at the price of $300 for this equity.

Complainants set forth two grounds of action. They say, first, that only $700 was in fact loaned to them, the difference of $300 being withheld from them "as a bonus for making the loan," and that therefore they were not in default July 9, 1931, and that defendant is liable to them for the $300, "the unlawful and usurious charge made and retained."

They charge, second, that on or about June 25, 1931, they entered into an oral contract with a third party, Miss Maggie Ryan, for the sale to her of the property, but that defendant interfered unlawfully and maliciously and induced Miss Ryan to repudiate her contract, to the damage of complainants in the sum of $1125, which would have been the profit accruing to complainants under the sale to Miss Ryan.

The Chancellor sustained demurrers going to both grounds of the suit, and dismissed the bill. Complainants appeal. We are constrained to concur with the Chancellor.

As to the $300 item sued for as usury, it appears from the bill that complainants have not paid back to defendant as much money as they admit having received from defendant. No usury has, therefore, been received by defendant. Even if the $300 of alleged usury should be allocated ratably to the several notes, thus reducing the collectible portion of each note to $17.50, the $175 paid would discharge but ten of the notes, and default would still appear to have existed many months before the foreclosure sale.

The jurisdiction of the Chancery Court was challenged as to the claim of $1,125 as unliquidated damages for an injury to property "not resulting from a breach

of contract." There is alleged to have been a contract by the breach of which complainants were damaged, but this contract was not between the parties·to this suit. It was between complainants and a third party, Miss·Ryan. So far as defendant's liability goes, as alleged, it is grounded in tort, the wrongful interference on his part with the contract of complainants with Miss Ryan. See 15 R. C. L., sections 12, 13, 14, page 52.

Such a case is within the exclusive clause of our statutes extending the jurisdiction of the Chancery Court, Act of 1877, Chapter 97, supplemented by Act of 1915, Chapter 47. We think there can be no doubt that this claim is (1) for damages to "property,"—complainant had a property right in the contract with Miss Ryan; and (2) for unliquidated damages.

Liquidated damages are (1) such as are agreed upon by the parties either before or after the breach. Boüvier Law Dict. *Winters* v. *Fleece,* 4 Lea, 550; or (2) such as are definitely fixed by some rule of law. See *Glenn* v. *Moore,* 11 Lea, 256; *State* v. *Keller,* 11 Lea, 390; *Williams* v. *Burg,* 9 Lea, 460; *Swift* v. *Warehouse Co.,* 128 Tenn., 82, 91.

When the suit is (1) for an injury, (2) to property and (3) for unliquidated damages, not arising out of a contract between the parties, it cannot be brought in the Chancery Court. All three of these elements appearing here, the Chancellor's decree must be affirmed.