Knoxville Milk Producer's Ass'n *v.* Blake *et al.*

(*Nashville*, December Term, 1936.)

Opinion filed March 1, 1937.

Johnson & Johnson, of Knoxville, for appellant.

H. E. Cate and W. R. Henderson, both of Knoxville, for appellee.

MR. SPECIAL JUSTICE R. A. DAVIS delivered the opinion of the Court.

Complainant has appealed from an order of the chancellor dissolving an interlocutory injunction obtained by it, and from an order dismissing the bill upon such dissolution.

The complainant is a corporation organized under the Cooperative Marketing Association Act of Tennessee. Code, sections 3784-3830. The bill charges that M. M. Cash and Chas. Drummer are members of the complainant association, by written agreement. The said members, however, are not made parties defendant, and no relief is sought against them. It is charged that the said Cash was induced by the defendants F. G. Blake and wife, and Paul Blake, who operate the Levonia Dairy, to breach his membership contract with the complainant, and to sell his milk to the defendants, in violation of such contract; and like charges are made as to complainant's member Chas. Drummer; and it is charged that defendants are threatening to induce other members to violate their contracts with complainant. The breaches already induced by defendants, and those which they are attempting to bring about, are said to be of such character that no adequate damages can be obtained by complainant, though it is not charged that defendants are insolvent. But it is charged that, unless complainant can prevent such breaches of its membership contracts, its business would suffer irriprievable losses and that whole and complete justice cannot be given complainant except through the injunctive remedies generally given cooperative marketing associations. The bill then charges, however, that complainant's members, Cash and

Drummer, within the meaning of their contracts, control the milk which was and is produced from cows owned and controlled by them upon the date of their contracts, to-wit, July 1, 1933.

The bill prays that defendants be enjoined from inducing, persuading, enticing, or encouraging any member of the complainant association to breach the membership contract, and that defendants be enjoined from buying any milk from cows owned or controlled by Cash or Drummer, on July 1, 1933. An interlocutory injunction issued as prayed.

The defendant F. G. Blake filed his separate answer to the bill, and denied any ownership or interest in the Levonia Dairy; he admits membership in the complainant association for a short time, but answered that he later sold his cows and ceased to be a member of the association. He denied the other allegations of the bill, and answered that any relief sought by complainant should be directed to its members Cash and Drummer.

Defendants Mrs. F. G. Blake and Paul Blake filed a joint answer. Mrs. Blake answered that she owned and operated Levonia Dairy, and Paul Blake answered that he had no interest therein. They deny that they induced Cash or Drummer, or any other member of complainant, to violate their contracts with it, and deny that they have purchased any milk or other products from Cash or Drummer since those parties sold their cows and went out of the dairy business. These defendants likewise took the position that complainant's relief should be against its members. Both answers were sworn to.

On motion of the defendants, the chancellor dissolved the interlocutory injunction on bill and answer, and then dismissed the bill. His action in doing so is assigned

as error, both upon the merits, and upon the practice prescribed in *Mengle Box Co.* v. *Lauderdale County,* 144 Tenn., 266, 230 S. W., 963.

This court has recognized the validity of the Cooperative Marketing Act, and of the rights acquired by associations formed thereunder, as against its own members. *Dark Tobacco Growers' Co-Op. Ass'n* v. *Mason,* 150 Tenn., 228, 263 S. W., 60; *Dark Tobacco Growers' Co-Op. Ass'n* v. *Dunn,* 150 Tenn., 614, 266 S. W., 308. And in the latter case, section 19 of our act, Code, section 3817, which provides that for any breach or threatened breach of a marketing contract by a member, the association may have an injunction and decree for specific performance, is upheld.

The membership contracts of Cash and Drummer are in the record; they contain a provision practically identical in words with the contract of Dunn, in the case of *Dark Tobacco Growers' Co-Op. Ass'n* v. *Dunn, supra,* reading as follows: "The Producers agree that in the event of the breach or threatened breach by him of any provision hereof regarding delivery of milk and/or cream, the association shall be entitled to an injunction to prevent a breach or further breach hereof, and to a decree for the specific performance hereof, and the parties agree that this is a contract of the purchase and sale of personal property under special circumstances and conditions."

■■ Ordinarily, one who induces the breach of a contract is guilty of a tort, and the remedy is an action in damages. *Varno* v. *Tindall,* 164 Tenn., 642, 51 S. W. (2d), 502. But it is insisted, for complainant, that, by reason of the peculiar and unusual nature of co-operative marketing contracts, and of the right of a co-operative

marketing corporation formed under our act, the complainant has the right to the injunctive relief sought, even against nonmembers of the association, and without the necessity of action against the members, and it is insisted that it is not necessary that the insolvency of the parties guilty of inducing the breach of the members' contract should be alleged or made to appear, particularly in view of the allegations of the bill. And we are referred to a number of cases, which it is said sustain this view. *Hamby & Toomer* v. *Georgia Iron & Coal Co.,* 127 Ga., 792, 56 S. E., 1033, seems to hold that the insolvency of a defendant need not be made to appear, if the damages which he is about to bring about constitute such injury as will be irreparable. That case deals with a contract for the lease of convicts. In *Monte Vista Potato Growers' Co-Op. Ass'n* v. *Bond,* 80 Colo., 516, 252 P., 813, the bill was filed by the complainant association against W. A. Bond, a member, and his father; the son had a contract with complainant for all the potatoes produced by him from 1923 to 1927; for 1924, the son leased 40 acres of his land to his father, who knew that his son was a member of the association, and the father admitted that the lease was made for the purpose of attempting to evade the son's contract; both were enjoined, though the father was not a member of the association.

In *Friedberg, Inc.,* v. *McClary,* 173 Ky., 579, 191 S. W., 300, L. R. A. 1917C, 777, which was on a motion for an injunction, it appeared that McClary had a contract with the plaintiff association for all tobacco purchased by him in Indiana. An injunction was sought against McClary's codefendant, to restrain him from purchasing tobacco from McClary; the petition showing that such codefend-

ant was not an innocent purchaser, but had full knowledge of McClary's contract with the plaintiff, and it was held that injunction should issue.

In *Phez Co.* v. *Salem Fruit Union,* 103 Or., 514, 201 P., 222, 205 P., 970, 25 A. L. R., 1090, the bill was filed for the purpose of forcing the defendant to carry out its contract to sell the plaintiff the entire crop of loganberries of certain growers, for designated years. And it was held that the purchaser could enjoin its members from selling to others.

In *Northern Wisconsin Co-Op. Tobacco Pool* v. *Bekkedal,* 182 Wis., 571, 197 N. W., 936, the view is expressed that one who maliciously induces another to breach a contract with a third person is liable in damages, and may be enjoined from further efforts to induce such breaches of contracts. And in *Hollingsworth* v. *Texas Hay Ass'n,* 246 S. W., 1068, in which it appeared that Hollingsworth had contracted to sell the association all of the hay produced or acquired by him, which contract he became dissatisfied with, and attempted to breach by selling to his codefendant, through his wife, the Court of Civil Appeals held that one who knowingly abets and designedly assists a member to breach his contract, with the Co-Operative Marketing Association, may be enjoined, though he is an outsider, but it is observed that the member of the association was joined with the outsider, in the action against them.

It is to be observed that in practically all of the cases dealing with the question, where it is sought to reach and enjoin a nonmember of a Co-Operative Marketing Association, from interfering with a contract between an association and a member, that the member himself has been joined in the action with the third party. In the

case before us, as already stated, the members of the complainant association are not made parties. The bill contains no allegation of the insolvency of the defendants, nor a charge that they acted willfully or maliciously in inducing the alleged breach of the members. But the bill does charge that the members, within the meaning of their contracts, control the milk produced from the cows owned by them upon the date of their contracts.

And while our act provides that a breach or threatened breach of a marketing contract with a co-operative marketing association may be enjoined, and that the association may·have a decree of specific performance, yet the language of the act confines such remedy to the member himself, and does not extend the injunctive relief to third parties. Code, section 3817. And necessarily specific performance could be had against a member only; and it seems that the statutory injunctive relief is intended to be pursued concurrently with the remedy of specific performance against the member.

We are not satisfied to hold that, under such facts as this case presents under the bill, the complainant association may be permitted to ignore the remedy given it against its own members, and whom it says still control the milk contracted to it, and pursue an indirect remedy against nonmembers of the association.

On the whole record, we think the chancellor's decree was proper, and it will be affirmed, with cost.