**UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, Appellant,**

v.

**Lynn P. HARTSOOK and Gillis H. Purdy d/b/a Lynn's Motor Sales, Appellees.**

Supreme Court of Tennessee.

Nov. 20, 1972.

James A. Ridley, III, Knoxville, for appellant.

Bland D. Winfrey, Lenoir City, for appellees.

OPINION

JOHN W. WILSON, Special Justice.

In this opinion the parties will be referred to as in the trial court; that is, appellant United States Fidelity and Guaranty Insurance Company as plaintiff, and appellees Lynn P. Hartsook and Gillis H. Purdy, dba Lynn's Motor Sales, as defendants.

This appeal seeks review of an order of the Chancery Court of Loudon County dismissing the plaintiff's complaint for lack of subject-matter jurisdiction. The matter has been submitted on briefs.

So much of the complaint as is pertinent to the question before us is couched in the following language:

"2. Defendants, Lynn P. Hartsook and Gillis H. Purdy of Lenoir City, Tennessee, are partners who operate a used car dealership under the name of Lynn's Motor Sales in Lenoir City, Tennessee.

3. In the normal course of its business plaintiff issued an insurance policy to William Atkinson of Montgomery, Alabama. The policy covered, among other things, the risk of theft of an automobile owned by Atkinson, one 1968 Chevelle Malibu Super Sport Coupe, VIN 136378A155776. While the policy was in force, on or about January 14, 1970, an unidentified person or persons stole the vehicle from Atkinson. Thereafter, Atkinson conveyed his interest in the vehicle to plaintiff. Since that sale plaintiff has not transferred ownership of the vehicle to any individual or individuals.

4. On or about January 21, 1971, plaintiff was notified that the vehicle was in the possession of defendants.

5. Plaintiff demanded that defendants return the vehicle but defendants refused to return the car or to allow plaintiff to even examine the vehicle. Subsequently, plaintiff was advised that defendants had sold the vehicle to a third person.

WHEREFORE, PREMISES CONSIDERED:

1. Plaintiff demands judgment against the defendants for Three Thousand Dollars ($3,000.00); . . . ."

The defendants challenge the jurisdiction of the Court on the ground that the complaint shows on its face that the complaint is grounded in tort and prays for unliquidated damages.

The Chancellor, being of the opinion that the gist or gravamen of the action was the tort of conversion in which plaintiff sought unliquidated damages, dismissed the action, as stated above.

An appeal was prayed and granted. The only assignment of error is that the Chancellor was in error in dismissing the complaint for want of subject-matter jurisdiction.

The sole issue before us is whether chancery court jurisdiction extends over an action grounded in the tort of conversion for unliquidated damages. T.C.A. § 16–602 provides as follows:

"It has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and *except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract;* . . . ." (Emphasis supplied)

The plaintiff relies upon the case of Coal Creek Mining and Manufacturing Co. v. Moses (1885) 83 Tenn. 300, in which the complaint contained the following language:

"Your orator charges that all the coal taken from your orator's land as aforesaid was still the property of your orator after it was mined and removed, and when it was converted, appropriated and sold by the defendant and his partners, and that all the money received by them, or either of them, for said coal was in law received by them to the use of your orator. And your orator electing to sue for the value of said coal so converted, and not for the wrongful removal thereof, charges that said Moses, as one of said partners who appropriated, converted and sold the same, is indebted to your orator in the amount of the full value thereof after it had been brought to the surface and sold by them, or after it had been placed on the railroad cars for shipment to market."

It is noted that the pleading expressly waives the tort and sues for the value of the coal after it had been brought to the surface and sold, or had been placed on railroad cars for shipment to the market.

*Coal Creek*, supra, a case nearly a century old, has, in result, been followed by the recent case of Creach v. Ralph Nichols Co. (1953) 37 Tenn.App. 586, 267 S.W.2d 132. *Creach* involved a suit in equity by the rightful owner against an innocent pur-

chaser of a stolen automobile. The Chancellor found for the complainant and the appellate court affirmed. The opinion recited the Chancellor's decree, in which these facts were found:

"Complainant in the original bill in this cause, waived the tort action against defendant for the conversion of his said automobile, and brought his action, instead, for money had and received, or the proceeds of the sale in the hands of the defendant.

. . . . . .

The Court is further of the opinion that the facts constitute a conversion by defendant. And that complainant has the right of election of remedies, and that he is entitled to waive action based upon the conversion and to maintain his present action against the defendant for the proceeds of said sale . . . ."

The following is stated in plaintiff's brief:

"But plaintiff insists that under what Chancellor Gibson calls the 'Beneficient Act of 1877' Gibson's Suits in Chancery, 5th Edition, § 25, N. 86 which is codified as TCA § 16–602 that the Tennessee Courts have consistently construed that statute to allow suits for conversion to be prosecuted in equity courts.

. . . . . .

Chancellor Gibson writes that under the statute the chancery court has entertained legal actions to recover 'damages for conversion where the tort is waived and the value is sued for'. Gibson's Suits in Chancery 5th Edition § 36 at page 38.

Again in the same section at page 40 the learned author writes:

'. . . It may be concluded, therefore, that the Chancery Court has jurisdiction concurrently with the Circuit Court of all actions: (1) to recover money due for work or labor, or services rendered, or for the hire, rent, use, price or value of property, real or personal, retained, used, or *converted* . . . .' (Emphasis supplied).

The leading case on the subject and the case cited to support Chancellor Gibson is Coal Creek Mining and Manufacturing Co. v. Moses, 83 Tenn. 300 (1885)."

. . . . . .

". . . but the Court was fully aware that the plaintiff had 'waived the tort and come into equity'."

The only way we can reconcile the above with the plaintiff's contention that he has a right to maintain this action is that the complaint shows on its fact that the tort is waived. We do not agree that the complaint waives the tort.

The *Coal Creek* case, which dealt primarily with a question of damages, does not stand for the principle that a conversion action may be brought in the Chancery Court. As the bill indicates, the complainant waived whatever action at law he may have had for the tort and elected to sue in assumpsit for money had and received. The suit in the Chancery Court was an assumpsit action, a form of action which has evolved to what is now referred to as an implied-in-law or quasi contract action. Prosser Law of Torts, 3rd Ed., p. 644.

In the holding in the *Creach* case, supra, it is noted that after the plaintiff waived the tort he sued for money had and received or for the proceeds of the sale received by the wrongdoer.

The plaintiff in its pleading demands judgment for $3,000.00. It obviously is not suing for debt, money had and received, as was the case in *Coal Creek,* supra, or the *Creach* case, supra. All the plaintiff does is demand judgment for $3,000.00. In other words, plaintiff seeks a judgment for unliquidated damages for injuries to property. Varno v. Tindall (1932) 164 Tenn. 642, 51 S.W.2d 502; also, Black's Law Dictionary, 4th Ed., p. 468.

We are of the opinion that the decree of the Chancellor was correct and the same is affirmed. The costs will be assessed against the plaintiff.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.