PASCAGOULA HARDWOOD CO. v. CHISHOLM.

(Division B. Dec. 5, 1932.)

[144 So. 710. No. 30287.]

**O. F. Moss**, of Lucedale, for appellant.

Collins & Collins, of Laurel, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Jones county to recover the sum of two hundred and three dollars paid by appellee to appellant as part of the purchase price of a team of oxen and log wagon, which team and wagon appellee alleged in his declaration that appellant forcibly and unlawfully took from his possession and converted to its own use, by reason whereof he was entitled to recover from appellant the purchase money so paid. The trial resulted in a verdict and judgment for appellee for the amount sued for, from which judgment appellant prosecutes this appeal.

Since one of the question involved is whether or not the declaration stated a cause of action, we set it out in full:

"Now comes Essex Chisholm, a resident citizen of Jones County, Mississippi, and files this his suit against the Pascagoula Hardwood Company, a corporation organized under the laws of the State of Delaware and having its home office at Wilmington in said state and for his cause of action against said defendant shows the Court the following facts, to-wit:

"That the defendant Pascagoula Hardwood Company entered into a contract with plaintiff whereby it sold to plaintiff a certain team of oxen and agreed that plaintiff should pay so much per week upon said oxen and the plaintiff had paid upon said oxen the sum of two hundred and three dollars when the defendant came and took said oxen away from plaintiff without any process

of law or anything of the kind, and sold them and, therefore, the defendant breached the contract with plaintiff and owes plaintiff two hundred and three dollars with interest and cost for money had and received."

Appellant plead the general issue, and gave notice thereunder that on the trial it would undertake to prove that in the spring of 1930 it sold to appellee a team of ten oxen and a log wagon, for which appellee agreed to pay appellant the sum of seven hundred and seventy-five dollars in installments of fifty dollars a month; that appellant delivered the oxen and wagon to appellee with the understanding that he was to use them in hauling logs for appellant at a certain compensation, out of which appellee agreed to pay fifty dollars a month on the purchase price, and that if appellee failed to pay the purchase price in full, the amount paid should go as rent for the use of the team and wagon; that after keeping the team and wagon and using them in hauling operations for several months appellee found himself without a logging contract, and for that reason was unable to continue his payments; that up to that time he had paid appellant the sum of two hundred and three dollars; that he then requested appellant to take the team and wagon back and relieve him from any further obligation of paying the purchase price; that appellant agreed to this, and appellee voluntarily returned the team and wagon and delivered them to appellant "with the understanding and agreement between them that what he had paid should go for rent on said oxen and wagon while in use by plaintiff, and that the balance of the debt should be cancelled by defendant, and the defendant accepted the return of said oxen and wagon and has made no effort to collect the balance due on the purchase price." (Quoted from the notice.)

Appellee's evidence, which was believed by the jury, was substantially as follows: That he bought the ten oxen and log wagon from appellant, for which he agreed

to pay appellant the sum of seven hundred and seventy-five dollars; that the indebtedness was evidenced by a promissory note executed and delivered by appellee to appellant, which was secured by a deed of trust on the oxen and wagon; that appellee paid appellant the sum of two hundred and three dollars; that appellant closed its mills, and about that time, or soon thereafter, had one of its agents, Mr. Lauve, go and by force and over the protest of the appellee take charge of the oxen and wagon and ship the oxen to New Orleans, where they were sold; that appellant made no pretense of taking charge of the team and wagon under the deed of trust, and that there was no foreclosure of the deed of trust on the part of appellant, nor any claim that the team and wagon were taken possession of by appellant for that purpose.

The evidence on the part of appellant was to the effect, as set out in its notice under the general issue, that appellee surrendered the oxen and wagon to appellant in payment of the balance of the purchase money due on them with the understanding that the amount paid on the purchase price, two hundred and three dollars, was to be retained by appellant as rent for the use of the team and wagon.

There was, therefore, a square conflict in the evidence as to whether appellant, by force and without authority of law, took from appellee the oxen and wagon and converted them to its own use, or appellee surrendered the oxen and wagon to the appellant in payment of the balance of the purchase money due thereon, with the agreement that the amount paid on the purchase price, two hundred and three dollars, should be retained by appellant as rental for the use of the team and wagon while appellee had them. The jury found that issue of fact in favor of appellee.

Appellant contends that the declaration stated no cause of action; that the suit was prosecuted on the wrong theory; and that the true measure of damages was the difference between the value of the oxen and

wagon at the time of their conversion by appellant and the amount appellee was still due appellant on their purchase price. The declaration was not demurred to. Appellant, however, raised this question in its motion for a new trial, and also in its motion in arrest of judgment. In considering the questions in this case, certain characteristics of the right to recover "money received" should be kept in mind. The action for money had and received is founded largely upon equitable principles. The question in such case is "to which party does the money, in equity, justice and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him." 41 C. J., para. 9, p. 33; Legard v. Gholson, 24 Miss. 691. "The action will lie to recover money that has been paid by the plaintiff to the defendant for a consideration which has wholly failed." 41 C. J., para. 11, p. 35.

Applying these principles, we do not think there is any merit in appellant's contention that the declaration failed to state a cause of action. It is true that the declaration states the cause of action very briefly, nevertheless it is stated in such terms as that appellant could not have been misled as to the case it had to meet. Under the law, appellee had the right to either sue for and recover the value of the oxen and wagon at the time of their conversion by appellant, less the balance he was due on their purchase price, or the amount he had paid on the purchase price, two hundred and three dollars, upon the ground that appellant's unlawful conversion of the oxen and wagon worked a total failure of consideration. He could not sue for the possession of the oxen because appellant had taken them beyond the jurisdiction of the courts of this state.

Appellant assigns and argues as error the giving of the following instructions for appellee:

"The Court instructs the jury for the plaintiff that, if you believe from the preponderance of the evidence in this case that defendant sold plaintiff the team in

question and paid two hundred and three dollars on said team and then took a deed of trust back on said team for the purchase money, and afterwards took said team without the consent of plaintiff and under no process of law, and has not paid plaintiff for them then you must find for plaintiff.

"If you find for plaintiff you cannot make any deductions for rent."

There was no error in giving these instructions. The first one set out follows the declaration in substance. The declaration, as we have held above, states a cause of action. In the nature of the case, the jury could not find a verdict for the plaintiff and at the same time allow any deduction therefrom for the rent of the oxen and wagon; for a verdict for the plaintiff necessarily meant that appellee owed appellant nothing on account of rent. Putting it differently, under the evidence in the case if appellant was entitled to rent for the oxen and wagon it was entitled to the whole amount sued for by appellee, two hundred and three dollars; therefore a recovery of rent by appellant would necessarily mean that appellee could not recover judgment for any amount whatever.

From these views it follows that the judgment is affirmed, but is to bear interest at six per cent from the time of the conversion of the property, which was February 1, 1931.

Affirmed.