FUQUA *v.* JOUDON *et al.*

(Division B.   January 28, 1935.)

[158 So. 795.   No. 31539.]

M. C. Young, of Aberdeen, for appellant.

Leftwich & Tubb, of Aberdeen, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellant and appellees made a trade by which appellant was to convey to appellees certain standing timber for a cash consideration of two hundred fifty dollars. The money was paid by appellees to appellant, who thereupon executed an instrument of writing purporting to convey the timber, but the document was drawn in such an imperfect manner as to have no operative effect. Later appellant declined to allow appellees to cut the timber, whereupon appellees filed their bill to reform the conveyance, or, in the alternative, to recover the money paid. Appellant defended on the ground, among other defenses, that the timber in question was a part of his homestead and that the instrument sought to be reformed was not signed by his wife. The court declined to allow the reformation, but decreed under the alternate prayer that appellees should recover from appellant the money paid with interest.

It is a rule almost as ancient as the common law, and with but few exceptions, that where a party has paid money to another as the consideration for a contract and the contract so made is void and unenforceable, so that the consideration wholly fails, the payor may recover the money back in an action of assumpsit for money had and received. Milam v. Paxton, 160 Miss. 562, 570,

134 So. 171. To quote the ornate language of a distinguished jurist of the earlier days (NISBET, J., in Culbreath v. Culbreath, 7 Ga. 64, 50 Am. Dec. 375), the rule has its foundations in "that naked and changeless equity which forbids that one man should retain the money of his neighbor, for which he paid nothing, and for which his neighbor received nothing; an equity which is natural—which savages understand—which cultivated reason approves, and which Christianity not only sanctions, but in a thousand forms has ordained."

Appellant contends that the general rule does not apply when the money has been paid upon a contract void under the homestead exemption laws; and he cites Young v. Ashley, 123 Miss. 693, 86 So. 458. That case holds that had appellant, joined by his wife, sued to cancel the void conveyance, or to enjoin appellees from entering thereunder, it would not be necessary first to repay or tender the money received; but none of the considerations upon which the opinion in Young v. Ashley rests will prevent a strictly personal judgment against the husband who received the money, for the reason that the judgment so obtained cannot be in any way enforced against the homestead.

Affirmed.