DORSEY MISSISSIPPI SALES, INC. *v.* NEWELL, et al.

No. 43188          November 9, 1964          168 So. 2d 645

78

*Waller, Pritchard & Fox,* Jackson; *Wilbourn, Lord & Williams,* Meridian, for appellant.

*Ethridge, Minniece, Bourdeaux & Jones,* Meridian, for appellees.

Rodgers, J.

Dorsey Mississippi Sales, Inc. filed a suit in the Circuit Court of Lauderdale County against Joe S. Newell, an individual, doing business as Meridian Insurance Agency, and also against Hartford Accident & Indemnity Company, a foreign insurance company doing business in Mississippi. A demurrer was sustained to the first declaration filed, and appellant filed an amended declaration with exhibits attached. The court sustained a demurrer to the amended declaration, and a final judgment was entered in favor of defendant. The plaintiff appealed.

The issue to be determined here is: Does the declaration state a cause of action?

The amended declaration charges that Dorsey Mississippi Sales, Inc. is the corporate successor of Capital Trailer & Body, Inc., and is a Mississippi corporation; that Joe S. Newell is an adult resident citizen of Lauderdale County, Mississippi, doing business in the City of Meridian as the Meridian Insurance Agency; that Hartford Accident & Indemnity Company is a Connecticut corporation, doing business in the State of Mississippi. The declaration further charges that Hartford Accident & Indemnity Company issued a contract of insurance insuring a Dorsey trailer therein described, and that

appellant had an insurable interest in the vehicle, as evidenced by a certain conditional sales contract wherein appellant was the conditional vendor. The declaration charges that appellee, by a letter of September 14, 1960, demanded of appellant payment of the premium for the insurance contract; that appellant sent appellee checks in the total amount of the contract premium, and that the two checks were paid. The contract of insurance, the conditional sales contract, the letter demanding payment, and the two checks in payment were filed as exhibits to the declaration. The declaration charges that during the month of January 1961, the appellees cancelled the contract of insurance and converted the unearned premium in the sum of $1,598.35 to their own use. It is charged that Mr. Newell was the acting agent of the insurance company. It is further alleged that the trailer was repossessed and sold and that the proceeds from said sale were insufficient to discharge the indebtedness evidenced by the conditional sales contract; that appellant advised appellees of said repossession and requested cancellation of the aforesaid contract of insurance and reimbursement of whatever unearned premiums were due appellant. Appellees then advised appellant of the prior cancellation. Whereupon, appellant demanded payment to it of the unearned premium. Appellees, it is charged, willfully failed and refused to make payment of the premium to appellant. It is then alleged that appellant, in an effort to settle the matter, expended monies in negotiation attempts but was finally required to employ counsel at its own expense. It is alleged in the declaration that the willful conversion of the unearned premium and the willful failure of appellees to pay the unearned premium to appellant constituted such gross negligence of duty owed by appellees to appellant as to exhibit reckless indifference to appellant's right, thereby entitling appellant to punitive damages. The declaration charged that although

others had held an insurable interest in the vehicle above-mentioned, that at the time of the filing of the declaration, appellant alone held such an interest; and, that appellant, in addition to unearned premiums and punitive damages due it, was entitled to interest on the aforesaid principal sum willfully converted.

The demurrer filed by appellees charges that the allegations of the declaration are not sufficient to establish: (1) a contract between appellant and appellees, or a breach thereof. (2) The allegations of the declaration are not sufficient to establish a conversion of money alleged to belong to the plaintiff. (3) The allegations of the declarations are not sufficient in law to constitute either a willful breach of a contract or a conversion so as to entitle the plaintiff to punitive damages. (4) The amended declaration fails to state a cause of action against the defendants.

It is the contention of the appellees that the declaration filed by appellant is based on Mississippi Code Annotated section 5695 (1942), but it is said this section is not applicable to the facts in this case because this code section applies to fire insurance policies on "buildings" and therefore does not apply to insurance contracts on personal property containing a loss payable clause to the conditional vendor under a conditional sales contract.

The pertinent part of Mississippi Code Annotated section 5695 (1942) is as follows: "Each fire insurance policy on buildings taken out by a mortgagor or grantor in a deed of trust shall have attached or shall contain substantially the following mortgagee clause, viz:

"Loss or damage, if any, under this policy, shall be payable to (here insert name of the party), as _____ _____ mortgagee (or trustee), as _____ interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor

or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, and in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee (or trustee) shall, on demand, pay the same; provided, also that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy it shall be noted thereon and the mortgagee (or trustee) shall on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void. This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease and this company shall have the right on like notice to cancel this agreement.''

This Court has previously held that the loss payable clause in a fire policy, payable to the mortgagee as his interest might appear, and providing mortgagee's interest shall not be invalidated by any act of the mortgagor, effects two policies of insurance, one for the mortgagor and the other for the mortgagee. See Hennessey v. Helgason, 168 Miss. 834, 151 So. 724 (1934); Refuge Cotton Oil Co. v. Twin City Fire Ins. Co., 152 Miss. 522, 120 So. 214 (1929); Bacot v. Phenix Ins. Co., 96 Miss. 223, 50 So. 729 (1909).

We have held that where a mortgagee paid the premiums on a fire insurance policy, to which was attached a loss payable clause payable to mortgagee and that payment was made upon demand of the insurance com-

pany, the mortgagee was entitled to recover the unearned premiums upon cancellation of the policy since there was privity of contract between the insurer and the mortgagee. See Refuge Cotton Oil Co. v. Twin City Fire Ins. Co., *supra.*

In a case in which neither the owner of the property nor the mortgagee paid the premiums on a fire insurance policy, to which a loss payable clause was attached and the premiums paid by the insurance agent, we held that the agent is subrogated to all rights and remedies to the company and could make demand and sue the mortgagee in his own name for the premium. See Barry & Brewer v. Wright, 168 Miss. 216, 150 So. 186 (1933).

The loss payable clause attached to the insurance policy in the instant case contains the following language: "Loss or damage, if any, under the policy shall be payable as interest may appear to * * * (plaintiff's company and others) and this insurance is to the interest of the * * * Conditional Vendor or Mortgagee * * * (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor or Owner of the within described automobile nor by any change in the title or ownership of the property; provided, however, that the conversion * * * by the Lessee, Mortgagor or Purchaser in possession of the property insured under a bailment lease, conditional sale, mortgage or other encumbrance is not covered under such policy, unless specifically insured against and premium paid therefor, and provided, also, that in case the Lessee, Mortgagor or Owner shall neglect to pay any premium due under such policy the Lineholder shall, on demand, pay the same.

"Provided also, that the Lienholder shall notify the company of any change of ownership or increase of hazard which shall come to the knowledge of said Lienholder and, unless permitted by such policy, it shall be noted thereon and the Lienholder shall, on demand, pay

the premium for such increased hazard for the term of the use thereof; otherwise such policy shall be null and void.

"The company reserves the right to cancel such policy at any time as provided by its terms, but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancellation shall be effective as to the interest of said Lienholder therein and the company shall have the right, on like notice, to cancel this agreement."

It is apparent, therefore, that the loss payable clause agreement attached to the insurance policy here involved is couched in similar language to that set out in Mississippi Code Annotated section 5695 (1942).

It is the contention of the appellees that the authorities cited by the appellant under the code section, *supra,* are not applicable in this case because the foregoing code section requires the loss payable clause to be written in insurance policies on "buildings." We are of the opinion that these authorities are in point here for the reason that the insurance contract actually incorporates a similar agreement to that on which these authorities are based. Moreover, the loss payable clause attached to the policy in the instant case incorporates the agreement that the lienholder is a conditional vendor and the property is an automobile.

A conditional vendor is a lienholder and the reservation of a chattel mortgage is security for his debt. See Dearborn Motors Credit Corp. v. Hinton, 221 Miss. 643, 74 So. 2d 739 (1954); Brewer v. Universal Credit Co., 191 Miss. 183, 192 So. 905 (1940); Federal Credit Co. v. Boleware, 163 Miss. 830, 142 So. 1 (1932); Bankston v. Hill, 134 Miss. 288, 98 So. 687 (1924), 37 A.L.R. 88.

A conditional vendor has an insurable interest in the personal property sold under a conditional sales contract. It is pointed out by the textwriter in 7 Am.

Jur. 2d *Automobiles* section 12 p. 306 (1963) that "Where a policy insures a motor vehicle as an item of personal property against damage to, or the loss or destruction of, such property, it is true generally that the usual rules as to what constitutes an insurable interest in personal property apply. The general rule that anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction has been applied to motor vehicle insurance." See also 44 C. J. S. *Insurance* § 177 p. 873 (1945); 29 Am. Jur. *Insurance* § 457 p. 792 (1960); 6 Blashfield, part 1, Cyclopedia of Automobile Law and Practice section 3501, p. 133 (1945). Compare Motors Insurance Corp. v. Stanley, 237 Miss. 681, 115 So. 2d 678 (1959).

We are therefore of the opinion that a conditional vendor of personal property named in the standard loss payable clause attached to a fire insurance policy, where the loss payable clause is written in the words of the statute, is in privity of contract with the insurance company and has the right to pay the premiums on the insurance policy to protect his lien the same as if the conditional vendor's lien were a mortgage on a "building" required by Mississippi Code Annotated section 5695 (1942) to be made a part of the insurance contract.

But does the right to pay the premiums give the conditional vendor the right to recover the unearned portion of the premium paid upon the cancellation of the insurance contract? We have held that the mortgagee on demand could recover the unearned premiums paid under the statutory mortgage clause on a building in the case of Refuge Cotton Oil Co. v. Twin City Fire Ins. Co., 152 Miss. 522, 120 So. 214 (1929); therefore, since the loss payable clause is written into the policy here by agreement of the parties for the protection of a conditional vendor, we are of the opinion

that the holding of this Court in that case is applicable to the facts alleged in the declaration in this case as to the conditional vendor.

The appellee argues, however, that appellant paid the premiums without demand having been made by the insurance company; that there was no contract between the insurance company and appellant in the loss payable clause whereby the insurance company agreed to repay the premiums to the mortgagee; that the unearned premiums were required to be paid to the insured under the terms of the policy. Appellees referred to section 24 under "Conditions" set out in the policy. The pertinent part of section 24 is in the following language: "If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practicable after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancellation." We do not believe that section 24 requires payment to any particular person where a loss payable clause is attached to the policy.

As to the argument that there was no demand made upon the conditional vendor lienholder, we are of the opinion that the letter written by appellee Joe S. Newell, attached as an exhibit to the declaration, was a sufficient demand upon the appellant to pay the premium. However, we are of the further opinion that demand was not essential to recover the unearned premium under the facts alleged in the declaration in this case, because the appellees knew that appellant paid the premium by reason of the letter from Mr. Newell and the checks which are exhibits to the declaration. The premiums advanced by the appellant after the cancellation of the insurance contract did not belong to the insurance com-

pany and it had no right to retain the unearned premiums paid by appellant.

It has been said: "As a general rule, if the insurance company is not entitled to retain the premiums paid, the person who has procured the policy and has paid premiums thereon is the party who is entitled to a return of the premiums. * * * In most cases, the procurer of a policy is the one who has paid the premiums on it. In those instances in which the procurer of the policy has not furnished the consideration, it has been generally held that one who has paid the premiums, or furnished the money for the premiums, in good faith, or without knowing the purpose for which the money has been used, may recover the amount of his contributions from the insurer." 29 Am. Jur. *Insurance* § 600 p. 892 (1960).

We believe that cases already cited with reference to the payment of premiums by a mortgagee under the code section (5695, *supra*) are applicable to the facts alleged in the declaration in this case. There is, however, no Mississippi case directly in point as to insurance payable to a conditional vendor of personal property. The case of P. & E. Finance Co. v. Globe & Republic Ins. Co. of America, 205 Okla. 627, 239 P. 2d 1009 (1951), 29 A. L. R. 2d 933, is a case similar to the facts in the present case. In that case the facts show the holder of a motor vehicle chattel mortgage containing a clause permitting the mortgagee, upon failure of the mortgagor to do so, to take out fire, theft and collision insurance and charge the amount paid for premiums to the mortgagor's account. The plaintiff purchased twelve notes and chattel mortgages from dealers who sold the automobiles. These mortgages required the mortgagor-purchaser to insure the automobiles against loss by fire, theft and collision. The mortgagor did not obtain the insurance as provided in the mortgage and the plaintiff thereafter purchased the insurance and

paid the premiums thereon. Before the date of maturity the policies were cancelled by the defendant-insurance-company and the plaintiff-assignee demanded a return of the unearned premiums. The insurance company refused to pay the unearned premiums to the mortgagee and the plaintiff brought suit for the premiums. A demurrer was sustained to the declaration upon the ground that the unearned premiums came within the twelve-month statutory period of limitations of the Oklahoma insurance law requiring suits to be brought for the benefit of insurance claims within one year from the date of the accrual thereof. The plaintiff contended that his cause of action was not for recovery of any benefits under the policy, but that the suit was brought to recover money had and received because of the failure of defendant to pay plaintiff the unearned premiums upon the cancellation of the policy. The Court said: "We agree with the contention of plaintiff that the petition and the various causes of action therein pleaded do not constitute actions for recovery of benefits under the policies but are actions for the recovery of money had and received. The petition and the various causes of action plead facts sufficient to constitute a cause of action for the recovery of money had and received and are therefore not barred by limitation." 239 P. 2d 1009, 1011. The Court also said "When defendant canceled the policies and refused to pay plaintiff the unearned premium, it then had in its possession money belonging to plaintiff which in law, equity and good conscience it had no right to retain but, which it should have paid plaintiff." 239 P. 24 1009, 1012. Under the facts in the case before us, we believe the case of *P. & E. Finance* is persuasive and authoritative.

It is also the contention of the appellee that the alleged conversion set out in the declaration is merely a debt claimed by the appellant, and it is argued that an action for conversion of money will not lie unless it is

alleged and shown that there is an obligation to keep intact the specific money alleged to have been converted.

■■ ■ We do not understand the declaration in the instant case to allege facts showing an action in tort arising ex delicto from an unlawful conversion of a particular piece of personal property so as to present a common-law suit of trover and conversion. See 1 Am. Jur. 2d *Actions* § 8 p. 549 (1962). However, we are of the opinion that the facts set out in the declaration are sufficient to establish a privity of contract under the loss payable clause attached to the insurance policy filed as an exhibit to the declaration. The allegations in the declaration are also sufficient to establish a common-law action of assumpsit, ex contractu, for money had and received under an implied contract between the lienholder and the appellees to restore to the lienholder the unearned premium on an insurance policy advanced by the conditional vendor to the insurance company. See Fuqua v. Joudon, 172 Miss. 11, 158 So. 795 (1935); H. & C. Newman, Inc. v. Delta Grocery and Cotton Co., 144 Miss. 877, 110 So. 686 (1926); O'Conley v. The President and Selectmen of the City of Natchez, 1 S. & M. 31 (Miss. 1843); White v. White, 2 How. 931 (Miss. 1838). Compare Bank of Forest v. Capital Nat. Bank, 176 Miss. 163, 169 So. 193 (1936); Philips v. Hines, 33 Miss. 163 (1857).

In the *H. & C. Newman* case, *supra,* this Court said that "Appellee was entitled to recover under the well-established principle that, where one person receives money which by right belongs to another person, the person entitled thereto may recover it. It may be recovered as money had and received by appellant for the use of appellee. The law implied a promise on the part of appellant to pay appellee the amount so received." 144 Miss. 877, 885, 110 So. 686, 688. In the *Fuqua* case above-cited, this Court said "It is a rule almost as ancient as the common law, and with but few exceptions,

that where a party has paid money to another as the consideration for a contract and the contract so made is void and unenforceable, so that the consideration wholly fails, the payor may recover the money back in an action of assumpsit for money had and received. * * * To quote the ornate language of a distinguished jurist of the earlier days (Nisbet, J., in Culbreath v. Culbreath, 7 Ga. 64, 50 Am. Dec. 375), the rule has its foundations in 'that naked and changeless equity which forbids that one man should retain the money of his neighbor, for which he paid nothing, and for which his neighbor received nothing: an equity which is natural— which savages understand — which cultivated reason approves, and which Christianity not only sanctions, but in a thousand forms has ordained.' '' 172 Miss. 11, 14-15, 158 So. 795.

■■■ In an action for money had and received, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff. Pascagoula Hardwood Co. v. Chisholm, 164 Miss. 242, 144 So. 710 (1932).

■■■ We are of the opinion therefore that the declaration in this case sets out sufficient facts to show a cause of action for money had and received. The allegations in the declaration are insufficient to allege an action to recover exemplary damages, (see Jamison v. Moon, 43 Miss. 598 (1871) ), because it does not allege facts amounting to an independent, willful tort, growing out of malice, wantonness or oppression. (See 15 Am. Jur. *Damages* § 273 p. 708). The demurrer should have been overruled. See Mississippi Code Annotated section 1496 (1942).

The judgment of the trial court dismissing the cause of action, and the order sustaining the general demurrer are hereby reversed. The declaration is reinstated and

the cause is remanded for further proceedings in the trial court.

Reversed and remanded.

*Lee, C. J., and McElroy, Jones and Brady, JJ.,* concur.