481 So.2d 785 (1985)
John PUTT and Geneva Putt
v.
RAY SEWELL CO., INC.
No. 55209.
Supreme Court of Mississippi.
December 4, 1985.
Phil R. Hinton, Wilson & Hinton, Corinth, for appellant.
Danny L. Lowrey, Corinth, for appellee.
Before WALKER, SULLIVAN and ANDERSON.
ANDERSON, Justice.
The appellants, John and Geneva Putt, were held liable for purchases made on an open account. They appeal their liability and the question of whether the appellee is entitled to attorney's fees pursuant to Mississippi Code Annotated, Section 11-53-81 (1972), where there has not been strict compliance with the requirements of that statute. *786 We affirm on the issue of liability and reverse the ruling of the lower court awarding attorney's fees.
John and Geneva Putt operated a discount clothing business called "The Clothes Barn" from 1974 through the latter part of July 1978. The appellee, Ray Sewell Co., Inc., a family owned Georgia corporation, began selling clothing in 1975 to John and Geneva Putt on an open account.
Sometime in August 1978, John and Geneva Putt allegedly sold the business to their daughter, Becky Melvin McLemore. The store was not advertised for sale and was sold to Becky without written or published notice to any creditors, including Ray Sewell Co., Inc. Becky paid $40,000 for the inventory and assets (less than its actual value) with a loan co-signed by her father John Putt. Putt also pledged his own personal $45,000 certificate of deposit as security and gave Becky $1,000 with which to open her store account. No bill of sale was ever executed. There was no written lease agreement between Becky and John Putt, but they had agreed orally that she would pay $300 per month rent after six or seven months. During the entire two and one-half year occupancy of the store, she only paid $300 for rent. John Putt admitted having put his money into the business and having advised Becky in the operation of the business. He was authorized at one time to sign checks on the store account. Geneva Putt periodically assisted Becky in the operation of the store after the sale.
It is disputed as to whether Ray Sewell Co., Inc. was subsequently orally informed of the sale by John and/or Geneva Putt. Nevertheless, the store became indebted to Ray Sewell Co., Inc.'s company for more than $8,000.
In January 1981, Becky abandoned the store leaving a note, asking her father to take it over and handle liquidation and whatever final business there might be. John and Geneva Putt then took over the actual operation of the store again and liquidated all the assets. Putt paid certain of the creditors what was due, including $500 sent to Ray Sewell Co., Inc. He then used the remainder of most of the $20,000 earned in liquidation to reduce the indebtedness of his note at the bank.
In September 1981, the appellee, Ray Sewell Co., Inc. filed suit against John Putt and Becky Melvin McLemore for the amount due, interest, attorney's fees and all costs. John Putt answered separately and generally denied the indebtedness. Becky McLemore did not respond and a default judgment was taken against her on January 19, 1982. On April 20, 1982, the appellee filed a motion to amend and included Geneva Putt, alleging that she was active in the operation of the business.
At trial, the appellants, John and Geneva Putt, were held liable on the account. After careful examination of the record, this Court affirms on the question of liability. This Court discussed at length the composites of a joint venture in Hults v. Tillman, 480 So.2d 1134 (Miss. 1985). There we stated:
What is essential to any intent to form a joint venture is the idea that the parties are engaging in the undertaking with both parties owning the venture, with a right of mutual control, and joint obligations and liabilities. Joint Ventures are possible in a myriad of circumstances, as shown by the fertile imagination of entrepreneurs. Usually some capital and some skill is needed, sometimes a great deal of the former and little of the latter is needed, sometimes the reverse, and sometimes both. As a rule there is a venture involved in which there may be losses; as a rule there will be some expenses involved. As joint venturers the parties, having a community of interest, ownership and control in the undertaking, would most naturally have some discussion and understanding of some sort on expenses and possible losses, how they shall be borne and repaid.
Obviously, John Putt provided the capital and advice, while Becky and Mrs. Putt provided the skill and labor needed in the actual operation. Putt also invested money *787 to help meet expenses and certainly suffered loss in the failure of the business. There was more than sufficient evidence for a reasonable jury to find the existence of a joint business venture between the parties.
The more troublesome issue is that of attorney's fees. The appellee made demand for payment upon the appellant, John Putt, by sending him a copy of the declaration and itemized statements of account via certified mail the day after the complaint was filed against him. Geneva Putt personally received no such demand at all.
After the jury verdict in this cause, the appellee moved orally for attorney's fees to be set by the court pursuant to MCA § 11-53-81 (1972). Over appellants' objection a hearing was conducted by the court wherein the appellee presented proof of reasonableness of the fees and notice to John Putt. Following the hearing the court awarded attorney's fees equal to one-third of the judgment on open account.
The pertinent part of MCA § 11-53-81 provides:
Recovery of attorney's fees in suit on open account.

When any person fails to pay an account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff. Evidence of receipt of written demand by the spouse of the debtor when they are living together as husband and wife on behalf of the debtor may be introduced as evidence of written demand on the debtor. If that person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney's fees to be set by the judge. (Emphasis added).
John Putt, the debtor was not served with notice until the day after the complaint had been filed. It is the opinion of this Court that the written notice and demand must be made thirty days prior to filing suit in order to afford the debtor an opportunity to settle his debt without incurring the added expense of attorney's fee. This decision does not in any way alter or impact upon the previous holding of this Court in construing the legislative intent as to when, in fact, attorney's fees will attach pursuant to MCA § 11-53-81. In Magnolia Farm Services, Inc. v. Tunica Oil Co., Inc., 438 So.2d 285 (Miss. 1983), this Court held that it was the legislative intent that attorney's fees would not attach after the notice and demand until judgment of the claim is rendered in favor of the creditor. That court stated:
... The statute: § 11-53-81, in allowing attorney's fees as to open account suits is obviously in derogation of common law which did not allow such fees, and therefore must be strictly construed. Had the legislature intended for attorney's fees to become attached when suit is filed, such intent could have been easily expressed. Instead, § 11-53-81 allows for the fees "when judgment of the claim is rendered in favor of the plaintiff... ."
The Court reasoned that the legislature intended to provide relief in the form of attorney's fees to creditors who were compelled to prosecute the case in court until judgment was rendered on the claim.
However, the issue before this Court is whether sufficient notice and demand had been timely and properly made in order to invoke liability, pursuant to MCA § 11-53-81. We interpret this statute to mean that written demand must be made upon the debtor by means of a demand letter thirty days prior to filing suit. Notice and demand in the form of a complaint or lawsuit will not suffice. We therefore find that the appellee has failed to comply with the requisite procedure for assessment of attorney's fees as prescribed by statute.
We affirm the holding of the circuit court as to the issue of liability and reverse on the issue of payment of attorney's fees.
*788 AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.