**FORDICE CONSTRUCTION COMPANY, Plaintiff,**

v.

**CENTRAL STATES DREDGING COMPANY and APAC–Tennessee, Inc., Defendants.**

**Civ. A. No. W84–0132(B).**

United States District Court, S.D. Mississippi, W.D.

April 11, 1986.

---

Thomas W. Prewitt, Jackson, Miss., for plaintiff.

Pat H. Scanlon, George R. Fair, Jackson, Miss., Jef Fiebelman, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it, in this diversity action, the Motion of Defendants, Central States Dredging Company ("Central States") and APAC–Tennessee, Inc. ("APAC"), for Summary Judgment. The issue presented by Defendants' Motion is whether Plaintiff, Fordice Construction Company ("Fordice"), the second low bidder on a government procurement contract set aside for small businesses, can assert state law claims for unjust enrichment and fraud against Central States, the successful low bidder, and APAC, Central States' subcontractor and alleged joint venturer, arising out of Central States' alleged misrepresentation of its eligibility for the contract as a "small business" under the Small Business Act ("SBA") and as an "entering manufacturer" under the Walsh-Healy Act. Answering this question affirmatively, the Court denies Defendants' Motion.

## FACTS

On November 18, 1983, the Army Corps of Engineers, Vicksburg, Mississippi District, solicited bids from small business concerns and/or "entering manufacturers" for the manufacture of 200,000 squares of articulated concrete mattresses for Contract No. DACW38–84–B–001 at Delta, Louisiana. Both Central States and Fordice submitted bids on the basis that they were small businesses [1]. Central States was the low bidder and was awarded the contract.

Shortly after the bid opening, Fordice, the second low bidder, filed protests with the SBA and the Department of Labor, challenging Central States' self-certification as a small business and its status as an "entering manufacturer" under the Walsh-Healey Act. Fordice claimed that although Central States was a small business, it was ineligible for the procurement because of its alleged joint venture relationship with APAC, a large business ineligible for the contract and Central States' subcontractor.

The SBA's Atlanta Regional Office found Central States to be a small business for purposes of the procurement. Fordice appealed the determination to the SBA Office of Hearing and Appeals, previously the SBA Size Appeals Board. On appeal, the administrative judges dismissed Fordice's appeal as moot since the contract had already been awarded to Central States. *Size Appeal of Fordice Construction Company*, Docket No. 512–84–3–13–49 (1984).

With regard to Fordice's protest under the Walsh-Healey Act, the Defense Contract Administration Services Management

---

1. Central States also certified that it was eligible for the contract as an "entering manufacturer" under the Walsh-Healey Act, 41 U.S.C. § 35.

Area determined that Central States was an "entering manufacturer," eligible for the contract. Dissatisfied with the results of the administrative proceedings, Fordice instituted this diversity action, claiming unjust enrichment and fraud as a result of Central States' "improper and unlawful representation" that it was a small business and an "entering manufacturer."

## LAW

Defendants move for summary judgment on the basis that: (1) Fordice has no remedies under state law; (2) there was no joint venture between them and, therefore, Fordice has no claim against them for unjust enrichment and fraud; and (3) Fordice is estopped to pursue its claims against them. Fordice asserts the contrary.

With regard to Defendants' contention that Fordice has no state law remedies, this Court previously addressed a portion of this issue in its Memorandum Opinion and Order of April 10, 1985, where it was determined that federal law does not pre-empt state law claims, following *Tectonics, Inc. of Florida v. Castle Construction Company*, 753 F.2d 957 (11th Cir.1985).[2] Specifically, this Court stated that:

> ... If the plaintiff is able to prove that the two defendants are indeed joint ven-

turers and submitted the bid in an effort to obtain a contract for which they were ineligible under federal law, then allowing the action based on a state law claim would further the goal sought to be achieved by Congress in enacting legislation rather than conflict with them.

Opinion at 1538.[3] The Court did not address "[t]he question of whether or not a state law claim for that which [Fordice] seeks is available under Mississippi law." That portion of the issue is now before the Court.

With regard to Fordice's claim for unjust enrichment, Mississippi law provides that, in an action for unjust enrichment, "the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff." *Dorsey Mississippi Sales, Inc. v. Newell*, 251 Miss. 77, 168 So.2d 645, 651 (1964). *See also Magnolia Federal Savings and Loan Association v. Randal Craft Realty Company, Inc.*, 342 So.2d 1308 (Miss.1977). The requirements of proof of unjust enrichment are neither technical nor complicated and, Fordice can state a claim against Defendants on the basis that Central States and APAC were unjustly enriched because they received the profits from the performance of a government contract which, un-

---

**2.** *See also, Iconco v. Jensen Construction Company*, 622 F.2d 1291 (8th Cir.1980). *Cf. Ferguson-Williams, Inc. v. Bamsi, Inc.*, 782 F.2d 940 (11th Cir.1986), where the Eleventh Circuit reiterated that "although Congress did not intend to provide a civil private cause of action to the second lowest bidder of a federal contract when the lowest bidder has misrepresented itself as a small business, it had not expressly nor impliedly preempted a state remedy for fraud, unjust enrichment or interference with a business relationship based on such misrepresentation." The court further stated that the "key" to such a case would be whether the successful low bidder was, indeed, ineligible to receive the contract.

In *Bamsi*, unlike *Tectonics*, the SBA had determined that Bamsi was a small business and eligible for the contract. The court determined that it must give deference to the SBA's determination of eligibility and affirmed the lower court's dismissal of the case, stating that "... the SBA's determination that Bamsi qualified as a small business ... eliminated the possibility of any state action based on misrepresentation, fraud or unjust enrichment."

Central States urges us to follow *Bamsi* since the SBA denied Fordice's appeal. However, the SBA denied Fordice's appeal on the basis that it was moot since Central States had already been awarded the contact. Accordingly, *Bamsi* is inapplicable. Moreover, we question the soundness of the decision in *Bamsi*. First, the granting of absolute deference to the SBA size determination completely erodes the premise espoused in *Tectonics*, purportedly followed by *Bamsi*, that federal law does not pre-empt state law claims. Indeed, *Bamsi* found that an administrative decision pre-empted state law. Second, after *Bamsi*, no second low bidder will dare utilize the SBA bid protest procedure for fear that an SBA determination of eligibility will "eliminate" all state law claims.

**3.** While Defendants' previous Motion to Dismiss did not specifically address the issue of federal pre-emption of state law claims, all parties, in their briefs, addressed this issue and the Court examined it. Defendants, in their Motion for Summary Judgment, present no new grounds which indicate that the Court should reconsider its previous determination.

der the standards created by the SBA, they should not have been permitted to perform. By engrafting the standards created by the SBA onto a state law claim for unjust enrichment, Fordice has an available remedy under Mississippi law.[4] *See Iconco,* 622 F.2d at 1296–99. Of course, to prevail on its claim for unjust enrichment, Fordice must not only prove that Defendants were unjustly enriched by the award of the contract but also that it was entitled to the award of the contract.

With regard to the claim of Fordice based on allegations of fraud, Fordice need not be a party to the fraud as Central States claims. The right to recover for fraud is not restricted to the parties to the transaction, but extends to third parties injured thereby. 37 Am.Jur.2d *Fraud and Deceit* § 307, p. 408. *See also* 37 Am. Jur.2d *Fraud and Deceit,* §§ 189, 190, 244. In this case, the question of whether false representations were made by Defendants constitutes a genuine issue of material fact which cannot be resolved on motion for summary judgment.

Accordingly, Defendants argument that Fordice cannot pursue its state law claims is not well taken.

Defendants next argue that since there was no joint venture between them, there are no state law remedies. Despite the affidavits, deposition testimony and other documents submitted to the Court by Defendants in support of their position that no joint venture existed, the Court finds that the question of whether a joint venture existed between Defendants presents a genuine issue of material fact which cannot be resolved on motion for summary judgment. *See, e.g., Putt v. Ray Sewell Company, Inc.,* 481 So.2d 785 (Miss.1985);

*Hults v. Tillman,* 480 So.2d 1134 (Miss. 1985).

Finally, Defendants argue that Fordice is estopped to pursue this action and that Fordice has waived any claims it may have against Defendants. The Court finds that the defenses of estoppel and waiver present genuine issues of material fact which may not be resolved on motion for summary judgment.

Accordingly, Defendants' Motion for Summary Judgment is hereby denied.

---

**4.** In *Iconco,* 622 F.2d at 1299, the Eleventh Circuit also considered whether the Supreme Court of Iowa would use the Act as a standard, if the case were pending before it, in determining whether a claim for unjust enrichment had been stated. *See also, Tectonics,* 753 F.2d at 964. The Eleventh Circuit found no authority to indicate the Iowa Supreme Court would not use the Act as a standard and did not disturb the district court's affirmative ruling on this point. We,

too, have researched Mississippi law and find no case to indicate the Mississippi Supreme Court would reject consideration of the Act as a standard. Indeed, there is every indication that the Mississippi Supreme Court would refer to federal law as a guidepost in formulating state law. *See, e.g.,* Ron A. Yarbrough, *Rights and Remedies under Mississippi's New Public Construction Bond Statute,* 51 M.L.J. 351 (1980).