498 F.2d 365
 14 UCC Rep.Serv. 1471
 Jerry D. BRANTLEY et al., Plaintiffs-Appellants,
v.
UNION BANK & TRUST COMPANY et al., Defendants-Appellees.
Grant BAKER, Clinton Grady and Essie Leefelton, etc.,
Plaintiffs-Appellants,
v.
R. Frank KEEBLE, Individually, and Town Finance Corporation,
Defendants-Appellees.
 Nos. 73-3625, 73-3631 Summary Calendar.*
*Rule 18, 5 Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
 
 431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Aug. 5, 1974.
 John B. Crawley, Troy, Ala., Joseph J. Levin, Jr., Charles F. Abernathy, Montgomery, Ala., for plaintiffs-appellants in No. 73-3625.
 John M. Milling, Jr., Charles P. Miller, Montgomery, Ala., for Union Bank Bldg.
 A. Ted Bozeman, Wayne P. Turner, Montgomery, Ala., for Goodwin & Langford Inv.
 Cleveland Thornton, Tuskegee, Ala., charles F. Abernathy, Joseph J. Levin, Jr., Montgomery, Ala., for plaintiffs-appellants in No. 73-3631.
 Frank M. Gleason, Rossville, Ga., Samford, Torbert, Denson & Horsley, Opelika, Ala., for Town Finance.
 Philip H. Butler, Montgomery, Ala., for Frank Keeble.
 Hill, Hill, Stovall, Carter & Franco, Montgomery, Ala., for amicus curiae.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judge.
 PER CURIAM:
 
 
 1
 The appellants in this case seek to challenge the constitutionality of 9-503, 9-504, Title 7A of the Alabama Code (9-503, 9-504 of the uniform Commercial Code) on due process grounds.[1] These statutes permit limited peaceful self-help repossession without prior notice or hearing by a private party acting under authority of a private agreement.
 
 
 2
 Our decision in this case is squarely controlled by our recent decision in James v. Pinnix, 495 F.2d 206, p. 207, n. 5a (1974) in which we found such statutes to be free from Federal due process scrutiny for lack of requisite state action. The judgments of the district court dismissing the appellants' complaints were correct.
 
 
 3
 Affirmed.
 
 
 
 [1]
 Section 9-503 and 9-504 read in pertinent part:
 9-504. Secured party's right to dispossession after default.-- Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.
 9-- 504. Secured party's right to dispose of collateral after default; effect of disposition.-- (1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing.