Leon Reyes CALDERON, Plaintiff-Appellant,

v.

UNITED FURNITURE COMPANY, Defendant-Appellee.

No. 74–1608.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1974.

---

---

Virgil Howard, Thomas D. McDowell, Corpus Christi, Tex., for plaintiff-appellant.

Harry H. Dobbs, Jr., Corpus Christi, Tex., for defendant-appellee.

Before BROWN, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This appeal of the dismissal for lack of subject matter jurisdiction is the third time in almost as many months that we have been called upon to rule on the constitutionality of the self-help provision of the Uniform Commercial Code.[1] In James v. Pinnix, 5 Cir., 1974, 495 F.2d 206 we upheld the constitutional validity of the Mississippi version of this provision and in Brantley v. Union Bank & Trust Co., 5 Cir., 1974, 498 F.2d 365 we held the same for that of Alabama. In each case we found the statutes to be free from Federal due process scrutiny in a civil rights action[2] for lack of requisite state action. This finding is in line with that of other Circuits.[3] As the Texas statute involved in this appeal is identical to those of Mississippi and Alabama, we hold so again today.

Appellant urges upon us one distinction. There is evidence to indicate that in repossessing appellant's washing machine, the repossessors broke into his home. In Hall v. Garson we held that entry into another's home and the seizure of another's property was an act that possesses many of the characteristics of an act of the State.[4] The Texas Landlord Lien statute[5] in *Hall* encompassed state action because it authorized the landlord to enter into the tenant's home and seize property that had no relationship whatsoever to the debt. This, of course, is not the case in the present appeal. Here, as in *James*, the property seized was the property whose purchase had created the debt and in which the seizor had a security interest.

Affirmed.

---

1. § 9-503 reads in pertinent part:
   § 9.503. *Secured Party's Right to Take Possession After Default*
   Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

2. 42 U.S.C. § 1983.

3. Turner v. Impala Motors, 6 Cir., 1974, 503 F.2d 607; Bichel Optical Laboratories v. Marquette Nat'l Bank, 8 Cir., 1974, 487 F.2d 906; Adams v. Southern California First Nat'l Bank, 9 Cir., 1974, 492 F.2d 324, cert. denied, 43 U.S.L.W. 3277.

4. 5 Cir., 1970, 430 F.2d 430.

5. Vernon's Tex.Rev.Civ.Stat.Ann. art. 5238a, cited at 430 F.2d at 432 n. 1.

