370 So.2d 1367 (1979)
McCOMB EQUIPMENT COMPANY, INC.
v.
Charles COOPER et al.
No. 51256.
Supreme Court of Mississippi.
May 16, 1979.
C. Ashley Atkinson, McComb, for appellant.
Walker J. Carney, Jr., Gloster, H.E. Horne, Jr., Centreville, for appellees.
Before PATTERSON, BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal to determine the constitutionality of self-help repossession as permitted to secured creditors under Mississippi Code Annotated section 75-9-503 (1972), the Uniform Commercial Code, as follows:
Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under Section 9-504 [§ 75-9-504].
This is one of five cases consolidated for hearing below. From these cases this appeal evolves.
McComb Equipment Company, Inc., appellant, brought suit for a deficiency judgment against Charles Cooper an installment purchaser. Venue was changed to the Circuit Court of Amite County which held self-help repossession violates due process and dismissed the action on Cooper's motion.
On May 5, 1976, Cooper obtained a new International Harvester log truck from McComb Equipment Company, Inc. by trading in his old truck and executing a 48-month retail installment contract providing for payments totaling $11,374.56, with a security agreement on the truck. McComb Equipment immediately assigned both to the First National Bank of McComb. The security agreement provided in Clause 9:
Upon default Buyer agrees upon demand to deliver the vehicle to the Seller, or the Seller may with or without legal process, and with or without previous notice or *1368 demand for performance, enter any premises wherein the vehicle may be, and take possession of the same, together with anything therein. Thereafter the Seller may, if permitted by law, retain the vehicle as its property or may sell same pursuant to the laws of Mississippi, whereupon the Buyer agrees to pay any deficiency upon demand... .
After making one payment, Cooper defaulted because, according to him, the truck was unsatisfactory. He unceremoniously left the truck on the dealer's parking lot one morning and although it is disputed if it was left for repairs or voluntarily returned for repossession, it nevertheless came into the possession of McComb Equipment, the seller, without court action or conflict. After receiving the truck, McComb Equipment was reassigned the installment contract and security agreement. On June 1, 1977, notice of public sale was posted at the courthouse, town hall and post office in Liberty, Amite County, Mississippi. A notice was also mailed to Cooper who maintains he never received it. The truck was subsequently sold and a deficiency judgment for $9,728.49 was sought unsuccessfully.
The question, before us for the first time, is whether self-help repossession permitted by Mississippi Code Annotated section 75-9-503 (1972) is tantamount to taking property without due process of law. Prior to the Uniform Commercial Code, self-help repossession existed without constitutional question. Bankston v. Hill, 134 Miss. 288, 98 So. 689 (1924). Appellee Cooper contends the present repossession statute is an affront to procedural due process as the debtor's possessory interest, secured to the creditor by agreement, can be literally snatched away without notice or hearing in any judicial tribunal. McComb Equipment Company contends self-help repossession is an authorized private act lacking the essential factor of state action and is thus beyond the pale of constitutional violation.
Recent years have marked a trend toward applying the Fourteenth Amendment due process clause in curbing a creditor's ex parte confiscation of a defaulting debtor's wages; Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); or possessory interest in chattels; Snidiach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). The protection of these interests through reasonable due process standards, in our opinion is commendable because it maintains an equitable balance between the rights of debtor and creditor which in many instances is existent over prolonged periods.
However, we do not think the protection of procedural due process extends beyond the perimeter of state action into the realm of private parties' contractual remedies enforced without the persons or powers of government. The Fourteenth Amendment due process clause plainly reads: "[N]or shall any State deprive any person of life, liberty, or property without due process of law." "Any State," in our opinion, does not mean "any person," for it is indisputably the purpose of the Fourteenth Amendment to protect the citizen from the state, not the citizen from the citizen.
The Fifth Circuit Court of Appeals shares an identical opinion. In James v. Pinnix, 495 F.2d 206 (5th Cir.1974), that Court specifically upheld the constitutionality of § 75-9-503 by finding lack of state action. The Fifth Circuit reaffirmed that holding in Bowman v. Chrysler Credit Corp., 496 F.2d 1322 (5th Cir.1974), and extended the rationale to an identical Texas self-help statute, Calderon v. United Furniture Co., 505 F.2d 950 (5th Cir.1974), and to Alabama's version in Brantley v. Union Bank and Trust Co., 498 F.2d 365 (5th Cir.1974).
The trial court erred in sustaining the motion to dismiss.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.